No. 05-441C
Judge Horn

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

STRUCTURAL CONCEPTS, INC.,

Plaintiff,

v.

THE UNITED STATES

Defendant.

---

DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
JAMES MERCER
U.S. Army Corps of Engineers
26 Federal Plaza
New York, NY 10278

June 24, 2005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-441c |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction. In support of defendant's motion, we rely upon the complaint, its attachments, the following brief, and relevant portions of the contract, attached to this brief.

STATEMENT OF THE ISSUE

Whether the non-appropriated funds doctrine serves as a jurisdictional bar to this Court's authority to entertain plaintiff's complaint.

STATEMENT OF THE FACTS

On April 1, 2005, Structural Concepts, Inc. (“SCI”) filed a complaint against the United States ("defendant" or the "Government") with this Court, alleging two separate counts of breach of contract. Count one of plaintiff's complaint alleges that the Government breached its contract with plaintiff by modifying the terms of the contract, namely the designated gate for access on to the base, causing costs and delay to the plaintiff. Compl. ¶ 38. Count two of plaintiff's complaint asserts that SCI is entitled to an equitable adjustment based on the attendant resulting

delay. Compl. ¶ 44.

On June 9, 2000, the U.S. Army Corps of Engineers awarded a contract to SCI for construction of a golf clubhouse and other golf facilities for Falcon Creek Golf Course on McGuire Air Force Base in New Jersey. Compl. ¶ 3. The contract states that the contract was subject to the rules for NAF contracting and that the contract was not subject to the Contracts Disputes Act. A45.[1] On August 10, 2000, the Notice to Proceed was issued. Compl. ¶ 13. On September 11, 2001, McGuire Air Force Base was closed following terrorist attacks in New York and the Pentagon. Compl. ¶ 17. Upon the base reopening, SCI experienced delays in entering the base due to heightened security checks. Compl. ¶ 21. SCI was required to access the base through a different gate than the one stated originally in the contract. Compl. ¶ 25. As a result of the delays, the contracting officer granted SCI an eighty day extension to complete the project. Compl. ¶ 29. The contracting officer did not adjust the contract price in response to the delay. Compl. ¶ 29.

ARGUMENT

I. Standard Of Review

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999) (internal quotation and citation omitted). Moreover, although the non-jurisdictional factual allegations, as pled, must be

[1] A_ refers to the appendix attached to this brief, which contains portions of the contract at issue.

presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997); Bowen v. United States, 49 Fed.Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof upon a motion to dismiss for lack of jurisdiction), aff'd, 292 F.3d 1383 (Fed. Cir. 2002).

## II. The Court Lacks Tucker Act Jurisdiction To Entertain Plaintiff's Claims For Relief

### A. This Court's Jurisdiction Is Limited

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

In this Court, consent to suit is generally based upon the Tucker Act, 28 U.S.C. § 1491.

Testan, 424 U.S. at 397. Pursuant to this statute, sovereign immunity is waived only with respect to "claim[s] against the United States" that are "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

B. The Court of Federal Claims Lacks Jurisdiction To Entertain Claims Seeking Payment From Non-Appropriated Funds

SCI's claim arises under its contract with a Non-Appropriated Fund Instrumentality ("NAFI") of the Air Force. The contract specifically states that the contracting party is a Non-Appropriated Fund Instrumentality ("NAFI"). A93.[2] The contract also states that "this contract is subject to the rules and regulations promulgated by the Secretary of Defense and the Secretary of the Army for NAF contracting . . . .The contract is not subject to the Contracts Disputes Act." A45. Because the contracting party at issue was a NAFI, this Court has no jurisdiction to entertain SCI's claim.

Section 2517 of title 28 states that "every final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation." 28 U.S.C. § 2517(a). In Furash & Co. v. United States, the Court of Appeals for the Federal Circuit stated:

> [t]he jurisdictional grant in the Tucker Act is limited by the requirement that judgments awarded by the Court of Federal Claims must be paid out of appropriated funds. 28 U.S.C. § 2517. Based on that requirement, it

[2] The contract states that the contracting party is a NAFI of the Army. This appears to be a typographical error. Although the U.S. Army Corps of Engineers administered the contract, the contract funds were provided and authorized by the Air Force's 305th Services Squadron.

> has been held that absent some specific jurisdictional provision to the contrary the Court of Federal Claims lacks jurisdiction over actions in which appropriated funds cannot be used to pay any resulting judgment . . . .

252 F.3d 1336, 1339 (Fed. Cir. 2001) (citing United States v. Hopkins, 427 U.S. 123, 125-26 (1976); L'Enfant Plaza Props., Inc. v. United States, 229 Ct. Cl. 278, 668 F.2d 1211 (1982); Kyer v. United States, 177 Ct. Cl. 747, 369 F.2d 714 (1966)).

NAFIs are "federal government entities whose 'monies do not come from congressional appropriation but rather primarily from [their] own activities, services, and product sales.'" El-Sheikh v. United States, 177 F.3d 1321, 1322 (Fed. Cir. 1999) (quoting Cosme Nieves v. Deshler, 786 F.2d 445, 446 (1st Cir. 1986)). "[T]he government does not assume [a NAFI's] obligations in the manner that it assumes the obligations of appropriated fund agencies." Taylor v. United States, 303 F.3d 1357, 1358 (Fed. Cir. 2002). While Congress has carved out an exception to the NAFI doctrine for certain military exchanges, the doctrine still applies to other non-enumerated military NAFIs. Pacrim Pizza Co. v. Pirie, 304 F.3d 1291, 1292-94 (Fed. Cir. 2002) (contract with Morale, Welfare & Recreation ("MWR") activity on Marine Corps base). See generally 28 U.S.C. §§ 1346(a)(2), 1491(a)(1) (extending the Contract Disputes Act to specific enumerated military exchange NAFIs).

The Federal Circuit recently synthesized four factors that must be met in order for an entity to be considered a NAFI. AINS v. United States, 365 F.3d 1333 (Fed. Cir. 2004). A government entity is a NAFI if: (1) it does not receive its monies by congressional appropriation; (2) it derives its funding primarily from its own activities; (3) absent a statutory amendment, there is no situation in which appropriated funds could be used to fund the Federal entity and (4) there is a clear expression by Congress that the agency was to be separated from general Federal

revenues. Id. at 1342. The NAFI meets these four factors and thus a contract with it is not subject to Tucker Act jurisdiction.

(1) Air Force NAFIs Do Not Receive Money By Congressional Appropriation

Congress granted the United States Department of Defense the general authority to prescribe regulations to create NAFIs in 10 U.S.C. § 2783; see also DoD Directive 1015.1 § 4.1. Air Force NAFs come "primarily from the sale of goods and services to Department of Defense (DoD) military and civilian personnel and their families." Air Force Instr. 34-201 § 1.1. The Federal Circuit has held that MWR entities such as the one at issue here are NAFIs and are not subject to the enumerated exception for exchanges. Pacrim Pizza , 304 F.3d at 1293-94.

(2) The NAFI Derives Its Funding Primarily From Its Own Sources

A NAFI derives its funding primarily from its own activities, services, and product sales. AINS, 365 F.3d at 1342. MWR activities, such as those provided by the 305th Services Squadron, are to be funded primarily from the proceeds of its own activities. Golf courses and companion operations are considered category C business activity NAFs, which are "revenue generating activities." Air Force Instr. 65-106, Figure 2.1.

(3) Appropriated Funds Could Not Be Used to Fund The Contract

The first page of the contract, which was signed by the president of SCI, is entitled "Solicitation, Offer, and Award (Nonappropriated Funds)." The document clearly states "NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BECOME DUE, OR BE PAID, THE CONTRACTOR BY REASON OF THIS CONTRACT." A2. Air Force Service activities are categorized to determine whether they may receive appropriated funds. Air Force Instr. 65-106 § 2.1. Although appropriated funds may be used to fund some MWR activities, Category C

NAF activities, such as golf courses, are "revenue generating activities" which do not receive direct appropriated fund support. Air Force Dir. 34-2 § 8.4.[3] Construction of golf course clubhouse facilities, such as those at issue in this case, is funded, by regulation, by non-appropriated funds. Air Force Instr. 32-1022 Table 3.3.

(4) There Was A Clear Expression Funds Are To Be Separated From General Funds

The final factor to consider is whether there is a "clear expression by Congress that the agency was to be separated from general federal revenues." AINS, 365 F.3d at 1342. Department of Defense regulations provide that NAFs are "separate and apart from funds recorded in the books of the Treasurer of the United States." DOD Directive 1015.1 § E2.1.3. This is so even though appropriated funds may be used to support some MWR activities.[4] Such "revolving funds" are not appropriations. Core Concepts of Florida, Inc. v. United States, 327 F.3d 1331, 1338 (Fed. Cir. 2003); McCafferty d/b/a Classic Catering v. United States, 61 Fed. Cl. 615, 619 (2004).

C. Any Error On The Part Of The Contracting Officer Is Insufficient To Create Jurisdiction

Although the contracting officer's final decision stated that the plaintiff could seek redress in the Court of Federal Claims, Compl. Ex. A, this error is insufficient to confer jurisdiction on this court. Subject-matter jurisdiction is an Art. III, as well as a statutory,

[3] Direct appropriated fund support is available to Category C activities for "correct health and safety deficiencies." Air Force Instr. 65-106 § 2.1.3. This is not applicable here. Some appropriated funds are also authorized for Category C activities in remote sites. McGuire Air Force Base is not listed as a remote site. See id. Fig. 3.1.

[4] Category A ("Mission Sustaining") and B ("Community Support") activities, may receive APF support based on the services they perform. Air Force Instr. 65-106 § 2.1.

requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. No Federal official may create jurisdiction over a cause of action in a Federal court where not specifically established by Congress. Sadeghi v. United States, 46 Fed. Cl. 660, 662 (2000). Nor may the action of the parties confer subject-matter jurisdiction upon a Federal court. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The facts of this case are analogous to the facts in Wolverine Supply, Inc. v. United States, 17 Cl. Ct. 190 (1989). In Wolverine, the contract at issue contained the standard FAR clause which instructed the contractor it could pursue its claim either at the Board of Contract Appeals or at the Claims Court. Id. at 191-192. The Claims Court concluded that "resort to the wrong disputes clause language by the contracting officer cannot be deemed to waive sovereign immunity, nor can such a mistake serve as the basis for an estopped claim against the Government." Id. at 193. The solicitation and contract here put SCI on explicit notice that it was not subject to the CDA.[5] Therefore, even though the contracting officer's final decision erroneously states SCI could seek redress in this court, this is insufficient to confer jurisdiction where it is otherwise lacking.

---

[5] The contract contained numerous references to the Government entity as a NAFI. See, e.g., A31, A41, A46, A48, A50, A57.

## Conclusion

For these reasons, the United States respectfully requests that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:
JAMES MERCER
U.S. Army Corps of Engineers
26 Federal Plaza
New York, NY 10278

June 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June 2005, a copy of "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Tara K. Hogan